from the last case of the day, United States v. Booker, case number 22-7000. The issue in this case is whether the district court plainly erred by imposing Mr. Booker's sentence on revocation of supervised release in part for the purpose of retribution. The answer to that question is yes, because the governing statute, section 3583E, deliberately omits the retribution factor from its list of applicable factors. And in considering the materially identical statute, section 3583C, the Supreme Court has held that the statute's omission of the retribution factor means that courts are prohibited from considering retribution. What authority were you citing for that quote? Tapia v. United States by the Supreme Court. I beg your pardon? I couldn't hear the case. Tapia v. United States. Supreme Court? Supreme Court, that's right. Yeah. And we also rely on Bending from this court, which applied Tapia to hold that retribution is off the table when imposing conditions of supervised release under 3583C. Those are the two binding cases that we say established that the error was plain. Aren't those both? Are we talking about DICTA in both Tapia and Bending though? No, I mean, certainly not in Bending. What about Tapia? Yeah, let's talk about Tapia first. Tapia didn't even involve 3583, section 3583. That's correct. Tapia was using 3583C as an example of a broader principle that drove the decision in the case. So what Tapia is saying is that you have 3553A, which tells courts to consider four purposes of sentencing. Then you have more specific sentencing statutes within the Sentencing Reform Act that address specific things like supervised release. And some of those statutes leave out factors. When those statutes leave out factors, it means those factors are off limits. And it cites 3583C as an example of that. So this was the principle that drove the Tapia decision, and it applies directly to this case because 3583E, just like 3583C, omits the retribution factor. Under the reasoning, the rationale of Tapia, that means retribution can't be considered. Now, we recognize that others- I didn't want to say it was dicta. It was dicta in Tapia. I mean- The specific sentence about 3583C, I will freely admit- Yeah, it says a court may not take into account retribution when imposing a term of supervised release under 3583C, but it wasn't considered. We took that in Benby then, and we create more dicta because the issue in Benby, although it did involve 3583C, the issue was whether the court had explained its decision. And we reversed and said it hadn't. And in doing so, we note this point that was made in Tapia because there had been a comment about whether the conditions were sufficiently punitive. And it said, hey, you know, when you reconsider, we said, you know, you might want to think about that in light of Tapia. But again, that's dicta. I disagree that that one's dicta. I will concede Tapia, but let me say this about Benby. Essentially, what Benby was saying, yes, the error in that case was an inadequately explained condition, but the reason it was harmful was because it could have rested on this impermissible rationale of retribution. So the court wouldn't have reversed in Benby had it not been. It could have. It could have rested. It could have, but this court doesn't normally reverse inadequately explained decisions by district courts. There needs to be some demonstration of harm. And the demonstration of harm in Benby was that the district court could have relied on this impermissible rationale. So in that sense, it was essential to reverse because it was what made the decision, the But even if you buy that, you're still left with the fact that we were talking about 3583C in Benby, even if it's not dicta. We're talking about 3583 here and we're talking about imposition of sentence upon revocation versus imposition of. That's true. There are different contexts, but the statutes as a structural matter are identical. But they serve different purposes. They do serve different purposes, but Congress instructed that retribution is off the table for both of them. I mean, sending someone to prison, I understand that that's different than imposing conditions of supervised release, but we don't send people to prison only for retribution. It's also for deterrence. It's also for incapacitation. And those purposes are misplaced in the statute. There has to be some reason Congress left, or at least there has to be some meaning attributed to the fact that Congress deliberately omitted this factor of retribution from the statute. It's the same thing they didn't see. And, you know, Benby and Tapia say that that omission means that it's off the table, which is just the natural conclusion to draw from the omission of the statute. Is there any legislative history about why A was omitted? Not that I could find. There's a lot of legislative history about the Sentencing Reform Act. But, you know, we already have, you know, this court has said in interpreting 3553A, if a factor is not listed, it's an impermissible factor. That analysis applies equally in this context. And it applies even with greater force in this context, because what Congress did in 3583 is take the factors already listed in 3553A and plug a couple of them out. That has to mean that they can't be considered, especially in light of this court's case law. Well, I mean, assuming we, I at least, buy that argument and say retribution is not a factor, why isn't it still okay to say I'm going to revoke your supervised release and put you back in jail because of things you did in violating the last conditions of supervised release? We have two questions about what the court can rely on. Can the court rely on conduct of parole violation, number one? And I would think the answer has to be yes. And number two, can the court rely on the conditions of the original conviction, the original sentence? That's a bigger issue. But my sub-question there is why couldn't the court rely on that, at least for the purposes of criminal history of the defendant? So those are two sub-questions. Let me see if I can address them together. So we're not, the district court can obviously consider the violations. The statute incorporates A1, which is the nature and characteristics of the defendant. I'm saying that wrong, but the crime and the characteristics of the defendant. What A2 is about, and that's the part, the retribution part that was taken out, is about the purpose of the sentence. So the court can consider any relevant fact, but it can consider those only in terms of imposing a sentence for the allowable purposes, which are deterrence and incapacitation. So to answer your question, Dr. Bell,  but he can impose the sentence only to deter future violations or only to protect the public. What the judge can't do is impose the sentence for the purpose of retribution. So, you know, some of the circuits, you know, that haven't discussed TAPIA that have come a long way on this, they conflate that and say that, oh, well, if we can't consider A2A, we can't consider the underlying facts. Well, that's wrong because we know from TAPIA that A2 is about the purpose of the sentence, not about the underlying facts that can be considered. All right. So that's very helpful. So the court can consider all the underlying facts. And the only question is, what was the purpose for the sentence on parole, replication and violation, the purpose for the sentence? And wasn't that purpose here that the court expressed? The purpose was because you didn't comply before, and we've got to make sure that you understand that you have to follow the integrity and the honor of the court. And nobody says that would be improper. No, but what the court actually said was, I'm going to impose a sentence outside the guideline range to deter you, to protect the public and to provide just punishment for the offense. But wouldn't that be to deter you from further violating the terms of the supervised release? Well, we're not complaining about that aspect of it. I guess what I'm pointing out is the court named three purposes for the sentence, deterrence, incapacitation, and retribution. Retribution is impermissible. So what you have is a situation like the Biggs-Farley case. The problem I have with your use of the word retribution is it has to be retribution for what? And I think it's okay to say retribution for your past violations of the supervised release conditions. What's not okay is retribution for the original offense, because that was already covered in the original sentence. So how do we know? Well, I understand to clarify what the court said here exactly was provide just punishment for the offense, whatever that is. Right. I mean, I think in context it's clear. Thank you, Judge Morris. That focuses my question precisely. What did the court mean by the offense? Did the court mean the offense of not following the probation violations? Because that is the offense that's going to get you thrown back in jail. Or did the court mean by the offense what you were punished for originally? It has to be the supervised release violations, because what the court is telling you is you've completely violated, you've completely disregarded your violations. List all the violations. There's no mention of the initial offense. This is a supervised release revocation proceeding. It's about the violations of supervised release. Well, and how could you revoke a parole violation and sentence for violations of the conditions of release without considering that offense and the facts underlying it? Well, you can consider the facts. Yeah, absolutely. And that's not our argument. Our argument is that you can only do it for purposes of deterrence and incapacitation. This goes back to the distinction of the facts that can be considered and the purpose for the sentence. So the judge can consider all of the violations. The judge should consider all the violations. But he can impose the sentence for the violations only to deter or to incapacitate, not simply to punish for revocation. Well, how do we know the court didn't do that? How do we know that wasn't the court's motivation? Because the court directly quoted the improper factor. It's word for word, and it's ruling. Yeah, I will grant you that, and that's a very strong argument your way. But the court also said that he was incorporating the terms of the 3553A only to the extent applicable to the revocation context. So we really have two inconsistent statements by the court. One saying only we're only adopting it as it's applicable to revocation, which excludes A. But then the court does go down and seems to quote 3583A or 3553A. So we've got just a conflict of what the court said, and that then comes up against plain error. If we have ambiguity in the court and the ambiguity could have been quickly resolved had the issue been raised clearly before the court, whose responsibility is that? Okay, my main response to that is the court doesn't say only to the extent applicable under 3553A and 3583E. It says I'm applying all of the factors under 3553A, which is ambiguous in itself. That ambiguity is applicable in the revocation context, as though it understood that it was limited to considering certain factors. But then it goes on to talk about a factor. If that's all we had in the record, I think we would lose on plain error because I think it's ambiguous. I'm considering only the factors incorporated or I'm considering all the factors which are incorporated. But that ambiguity is clarified in when the court directly quotes from the improper factor. So, you know, I think we do have the kind of clarity in this record that we need from plain error review because the court directly quotes the factor that's left out of the statute. Do you even need Tapia or Benvey? I mean, what your argument really is, is that the statute itself is clear because it says you may consider these factors in this context. It requires consideration of these factors, but it does not list this specific factor. Maybe we don't. I mean, I think they're helpful, but maybe we don't. Oh, another thing about the listing of the factors, you know, this literally wasn't some kind of just like rote recitation, kind of an accidental mention of the factors, but the court actually left some of them out. It actually left out part of the A2A factor itself. So these were clearly tailored. You know, the court had selected the ones that it was applying, and one of the three of them was this improper factor. We also have an unpublished case that rejects your analysis. I don't know. How does that figure into the plain error? You know, when you're arguing about Tapia and Benvey controlling, and then we've got this recent unpublished case rejecting your argument. Yeah, I think in that sense, Tapia and Benvey are important to our argument because those unpublished cases don't address this. They don't cite either one of those cases. No, and none of the other circuits do too, except the 11th. Thank you, counsel. Appreciate it. My name is Linda Epperly, and I represent the United States. Your Honor, this is a case that centers around plain error. First of all, it's not plain that there was error for all the reasons the court has just explored regarding whether the district judgment, I'm applying only those factors which are applicable in a revocation context, or whether the court applied all of those factors because they apply in a revocation context. The language was ambiguous, which the defendant just admitted. It's also not plain whether- It really wasn't. I mean, the court was very specific that it was considering whether it's providing just punishment for the offense. I don't consider that ambiguous. That is not ambiguous, but it is not true that the court's ruling tracked A to A word for word. The factors that is not to be considered is the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The court here, in issuing its ruling, did not include the need to reflect the seriousness of the offense as part of its recitation. The court considered the need to have an adequate deterrent for this defendant, the need to provide protection for the public, both of which are specifically recognized as valid concerns, and then mentioned to promote respect for the law and to provide just punishment for the offense. And for all the reasons that the court just explored with opposing counsel, the use of seriousness of the offense here is even somewhat up for debate. So, in other words, there's not error that was necessarily, it's not necessarily clear claim that there even was error here. There are four unpublished decisions by this court looking directly at this issue. And those four decisions, because in our view, Tapia and Benbee are not controlling here. Those four unpublished decisions, while certainly not precedential, are persuasive. And in one of those decisions, the Douglas Convention decision, I believe it was Judge Holmes, indicated that the need to punish, which is retribution, on express, Judge Holmes held that 3583E does not expressly prohibit that. So, there, the error would not be claimed. Doesn't that, though, and again, it's unpublished, and Douglas was unpublished, doesn't it conflict with what we said in Benbee? I understand Benbee concerned 3583C, but the language is identical. And we, in that case, read that language to mean that, can't even pronounce the word retributive. Conditions may not be reasons, may not be reasons for a special condition of supervised release. Why, that was pretty plain and simple. Why doesn't that contradict Douglas, what we said in Douglas, which was unpublished, so it doesn't control. Well, there are a couple of things, Your Honor. First of all, the difference in language in the statute, the difference in the sentencing portion of the sentencing process that was being considered. I understand there's a different sentencing process, but the statute and the language of the statute is the same. I mean, and that seems significant. Why would we read it differently? Because it is not, it's not applicable in this situation. In Benbee, this court's focus was explaining that there must be an adequate consideration for the imposition of a condition of supervised release. This court in DICTA mentioned that. Well, arguably, as counsel says, that wasn't DICTA because its point was, it wouldn't have been sufficient for it to have relied upon punitive measures for this reason. So why is that DICTA? It's intertwined with the holding that you've got to have, got to state the reasons. And by the way, this reason that you stated isn't going to work for this reason. It would not work in the context of imposing a term of imprisonment and revocation. But the language is the same in Section E. But I believe that Judge Bell mentioned the, what was the background of this language. And there's some information from the Supreme Court decision in Johnson that indicates that there are problems with the language of reflecting the seriousness of the offense, etc. Having to deal with double jeopardy, the type of burden of proof, etc. And between Johnson, Tapia, and Bivnow, we get an idea of the history of development in this case area. Social sciences and correctional and rehabilitative efforts have changed significantly over the years. And we now recognize, and in fact, 3582A states when you're considering a term of imprisonment, you are to consider the factors set forth in 3553A recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. In other words, you cannot lock someone up just to make sure, as in Tapia, that they're eligible for certain types of rehabilitation and that retribution can't be the reason, as this court found. So all of that history helps inform why deciding whether to create a condition of supervised release is different than looking, once that condition was properly assigned to a defendant, whether or not the defendant violated. That is the difference, and that is the distinction between Tapia and Bivnow in the case here. And it's the reason why, despite the fact that there were four unpublished decisions which were cited in our brief, the Lee case in 2016, the Miller case in 2015, the Douglas case in 2014, and the Chatler case in 2012, all of which were decided after Tapia, they do not view Tapia as controlling this issue on revocation. They don't consider it. They didn't consider it. That's different. That's different. I mean, it wasn't. We don't know that. Was it even argued? We don't know that. But we also then cannot make certain that any error here would be plain. Because there has not been published direction from this circuit, not on imposition of supervised release, but on the revocation. So any error would not be plain. And I think that's demonstrated by the fact that there were those four cases, all addressing the revocation context, none of which viewed the Supreme Court. And again, they didn't discuss it, but they certainly didn't apply it. And more, even after this court's decision in Benby, there have been no subsequent Tenth Circuit cases on this issue citing Benby or discussing Benby. The only brief that's been filed in this case discussing Benby dealt with the sentencing issue, whether the court correctly imposed terms of supervised release. And there's not been a decision yet. But that case is United States v. Johns 22, case number 22-2008. And it seems that if these two precedents control things to the extent the defendant argues, we would have a lot clearer pathway today. But we don't. We have questions as to whether or not there actually was error here because of the reason for the different languages used in the different sentencing context. Even if there were error, that error isn't clear. The decision in Lee, while it is unpublished, does do a fantastic job of laying out the circuit splits on this issue, of laying out why there was not plain error in this type of issue. And we believe that all of those arguments are still persuasive here. And then finally, even if there were an error, even if that error were plain, there's not a violation of substantive rights here because this sentence was not driven by retribution. There's no reasonable belief the sentence would have been different. The court here talked primarily about deterring this defendant, who had not been successful on supervised release, and the need to protect the public. The other two factors were mentioned. Unlike the Lee decision, the court did not intertwine those. They were not deeply embedded in the court's decision. And we would argue that, therefore, substantive rights have not been affected. Unless the court has additional questions, we would urge the court to affirm the sentence in this case. Thank you, counsel. Thank you very much. We had 11 seconds. I don't know if you want to waive it. All right. Thank you, counsel. We very much appreciate your arguments. Difficult question and very helpful. Counsel are excused and the case will be submitted.